```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ELZIE HOLLIS,                       :

                 Plaintiff,         :    13 Civ. 4956 (HBP)

     -against-                      :    OPINION
                                         AND ORDER
COMMISSIONER OF SOCIAL SECURITY,    :

                 Defendant.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By notice of motion dated October 24, 2013 (Docket Item ("D.I.") 9), defendant moves to dismiss or, in the alternative, for summary judgment dismissing, plaintiff's complaint on the ground that it is untimely. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, defendant's motion to dismiss is granted.

II. Facts

Plaintiff commenced this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), seeking judicial review of a final decision of the

Commissioner of Social Security (the "Commissioner") which found that plaintiff was overpaid supplemental security income ("SSI") benefits and was responsible to repay a portion of those benefits.

Plaintiff suffers from cerebral palsy and began receiving SSI benefits on November 9, 1989 (Exhibit 1 to the Declaration of Patrick J. Herbst, dated August 6, 2013 (D.I. 11) ("Herbst Decl.") at 8, 10[1]).  On June 28, 2002, SSA issued a notice to plaintiff that he had been overpaid SSI benefits (Herbst Decl. Ex. 1 at 8).  On March 11, 2011, plaintiff filed a request for reconsideration; that request was denied on May 27, 2011, and plaintiff requested a hearing that same day (Herbst Decl. Ex. 1 at 8).  An Administrative Law Judge (an "ALJ") conducted a hearing on October 28, 2011 (Herbst Decl. Ex. 1 at 8).  Although plaintiff was informed of his right to representation, plaintiff proceeded pro se at the hearing and

---

[1]Mr. Herbst identifies himself as the "Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration [("SSA")]" (Herbst Decl. at 1).  He states that his declaration is based on his review of the official file maintained by the Office of Disability Adjudication and Review relating to plaintiff's claim (Herbst Decl. ¶ 3).

Because the exhibits attached to the Herbst Declaration are inconsistently paginated, my citations to page numbers refer to the page numbers assigned by the Court's ECF system that appear on the upper right corner of each page.

testified (Herbst Decl. Ex. 1 at 8).  In a written decision dated November 23, 2011, the ALJ concluded that plaintiff was overpaid SSI benefits in the amount of $13,299.70, during the period from February 1, 2001 to November 1, 2006, due to wages and unemployment benefits that he received (Herbst Decl. Ex. 1 at 10).  While the ALJ found that plaintiff was not at fault in causing part of this overpayment, he found the plaintiff was liable for $10,479.70 (Herbst Decl. Ex. 1 at 10, 12).

Plaintiff timely requested review of the ALJ's decision, and on May 7, 2013, the Appeals Council denied plaintiff's request for review and mailed a copy of that decision to plaintiff (Herbst Decl. ¶ 3(a) & Ex. 2 thereto).  Plaintiff acknowledges receiving notice of the decision on May 11, 2013 (Complaint (D.I. 2) at 2).  The notice sent by the Appeals Council advised plaintiff that he had the right to seek judicial review of the adverse decision by filing a complaint in federal court.  The notice went on to state:

> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Herbst Decl. Ex. 2 at 15-16). The 60th day after May 11, 2013 was July 10, 2013.

Plaintiff filed his complaint in this Court on July 15, 2013 (D.I. 2). Both the complaint and plaintiff's application to proceed in forma pauperis are dated July 15, 2013 (D.I. 1, 2). There is no evidence in the record that plaintiff ever sought an extension of time to file his action seeking review of the Appeals Council's decision (see Herbst Decl. ¶ 3(b)).

III. Analysis

Section 205(g) of the Act provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner's regulations provide an identical time limit for seeking judicial review:

> Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the

4

> decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).  The procedure set forth in Section 205 is the exclusive vehicle for seeking review of an adverse decision by the Commissioner.  42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam).

        Plaintiff's complaint here is clearly untimely, and dismissal is warranted unless some exception to the general rule is applicable.  See Liranzo v. Comm'r of Soc. Sec., 411 F. App'x 390, 391-92 (2d Cir. 2011) (summary order) (affirming dismissal of action brought under Section 205 of the Act as untimely); Louis v. Comm'r of Soc. Sec., 349 F. App'x 576, 578 (2d Cir. 2009) (summary order) (same); Velez v. Apfel, 229 F.3d 1136 (Table), 2000 WL 1506193 at *1-*2 (Text) (2d Cir. 2000) (summary order) (same); Blaize v. Comm'r, Soc. Sec. Admin., 166 F.3d 1199 (Table), 1998 WL 777050 at *1 (Text) (2d Cir. 1998) (summary order) (same); see also Bowen v. City of New York, 476 U.S. 467,

479 (1986) (agreeing that "60-day limit is a statute of limitations" and "is a condition on the waiver of sovereign immunity" that "must be strictly construed").

In response to defendant's motion to dismiss, plaintiff explains that he filed his submission "well before the [expiration of] 60 days" because he counted business days only (Affirmation in Opposition to Motion, dated October 5, 2013 (D.I. 13)). However, Fed.R.Civ.P. 6(a)(1)(B) states that in computing time periods, "count every day, including intermediate Saturdays, Sundays, and legal holidays." The last day in which plaintiff had to file a submission, July 10, 2013, was a Wednesday. Thus, plaintiff's explanation for his late submission is not sufficient to defeat defendant's motion to dismiss.

Even if I use the presumed date of receipt of the Appeals Council's notice -- five days after the Appeals Council's May 7, 2013 decision -- the result does not change. May 12, 2013 was a Sunday. Taking judicial notice of the fact that the United States Postal Service does not deliver first class mail on Sundays, the presumed date of receipt would have been Monday, July 13, 2013. Sixty days from July 13, 2013 was Friday, July 12, 2013 -- the last business day before the day plaintiff filed his complaint. Thus, even assuming the set of facts most favorable to plaintiff does not change the result.

I have also considered whether an equitable toll might enable plaintiff to avoid dismissal.  A physical or mental illness may give rise to an equitable toll.  See Canales v. Sullivan, 936 F.2d 755, 758-59 (2d Cir. 1991); Social Security Ruling ("SSR") 91-5p, 56 FR 29971-01, 1991 WL 295453 (July 1, 1991).  Social Security Ruling 91-5p states that

> [w]hen a claimant presents evidence that mental incapacity prevented him or her from timely requesting review . . . by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim . . . at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review . . . .  In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, the adjudicator must consider the following factors . . . : . . . [a]ny mental or physical condition which limits the claimant's ability to do things for him/herself.

SSR 91-5p, supra, 1991 WL 295453 at *2; see also Canales v. Sullivan, supra, 936 F.2d at 759 ("Where a claimant avers incapacity due to mental impairment during the 60-day period, the district court should permit the claimant to present evidence in support of this claim."); Kesoglides v. Comm'r of Soc. Sec., No. 13-CV-4724 (PKC), 2015 WL 1439862 at *4 (E.D.N.Y. Mar. 27, 2015) ("To toll the statute of limitations based on mental impairment, a petitioner must make more than a 'conclusory and vague claim,' that includes 'a particularized description of how [his] condition adversely affected [his] capacity to function generally

or in relationship to the pursuit of [his] rights[.]'" (alteration in original)), quoting Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

Plaintiff alleges in his complaint that he suffers from cerebral palsy. However, he has not offered any evidence nor does he allege that that condition "prevented him . . . from timely requesting review . . . by a Federal district court." SSR 91-5p, supra, 1991 WL 295453 at *2. Thus, there is nothing in the record that could support an equitable toll.

There can be no question that SSI benefits are very important sources of income to many members of our society and that, by definition, they are available only to individuals with limited incomes. Thus, dismissal of an appeal from an order directing an SSI recipient to repay benefits on the ground that it is time-barred may appear harsh. However, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980); accord McNeil v. United States, 508 U.S. 106, 113 (1993); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants."). Plaintiff filed his

appeal beyond the sixty-day limit mandated by Congress, and there is simply no legal basis for any relief.

IV. <u>Conclusion</u>

Accordingly, for all the foregoing reasons, defendant's motion to dismiss is granted.

Dated:  New York, New York
        October 6, 2016

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Parties